SEARS, ROEBUCK & CO. EMPLOYEES' SAVINGS AND PROFIT SHARING PENSION FUND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16290.    Promulgated July 31, 1929.

*Joseph D. Peeler, Esq., Charles Lederer, Esq.,* and *Ward Loveless, Esq.,* for the petitioner.

*A. H. Fast, Esq.,* for the respondent.

OPINION.

MARQUETTE: The decision in this proceeding depends upon the status of the Savings and Profit Sharing Pension Fund of the employees of Sears, Roebuck & Co. On behalf of the Fund it is urged (1) that it is an association taxable as a corporation and therefore no tax is due because the income of the Fund was derived entirely from dividends of a corporation which was taxable on its net income; (2) that if it is not an association it is a joint adventure not taxable as an entity, and (3) that if it is a trust the income should be taxed to the trustees or to the beneficiaries and that, no deficiency notice having been sent to the trustees or to the beneficiaries, assessment and collection of the tax was barred by the statute of limitation. The respondent's contention is that we are dealing with a trust which is taxable as an entity.

In our opinion the petitioner is not an association within the meaning of the revenue acts. The term "association" as used in the several revenue acts was discussed by the Supreme Court of the United States in the case of *Hecht* v. *Malley*, 265 U. S. 144. The court said:

The word "association" appears to be used in the Act in its ordinary meaning. It has been defined as a term "used throughout the United States to signify a body of persons united without a charter, but upon the methods and forms used by incorporated bodies for the prosecution of some common enterprise." 1 Abb. Law Dict. 101 (1879); 1 Bouv. Law Dict. (Rawle's 3d Rev.) 269; 3 Am. & Eng. Enc. Law (2 Ed.) 162; and *Allen* v. *Stevens*, 33 App. Div. 485, 54 N. Y. Supp. 8, 23, in which this definition was cited with approval as being in accord with the common understanding.

Other definitions are:

In the United States, as distinguished from a corporation, a body of persons organized, for the prosecution of some purpose, without a charter, but having the general form and mode of procedure of a corporation. (Webst. New Internat. Dict.)

(U. S.) An organized but unchartered body analogous to but distinguished from a corporation. (Pract. Stand. Dict.)

Article 1504 of Regulations 69, which is retroactive as to the years 1920, 1921, and 1922, also provides in effect that a trust is an association if the beneficiaries have positive control. A similar implication is found in *Crocker* v. *Malley*, 249 U. S. 223. In the instant case the evidence discloses that there were no certificates or other evidence of ownership issued; there were no officers elected or meetings of the

owners of the beneficiary interests held. The trustees of the Fund held and managed the property of the Fund and used it in accordance with the terms of the plan under which the Fund was created. The operations of the Fund were not conducted upon the methods and forms used by incorporated bodies for the conduct of a common enterprise, and there was present none of the indicia of an association as defined by the Supreme Court. The Fund is not an association.

Nor do we agree with the petitioner that the Fund is a joint adventure. A joint adventure is a business organization similar in its nature to a partnership and limited in its scope and duration. Obviously, the Fund has none of the requisites necessary to either a joint adventure or a partnership.

We are of opinion that the Fund is a trust and that it is a single trust established for the benefit of many beneficiaries and not a collection of separate trusts for each employee, as suggested by the petitioner. The fund in question is strikingly similar to the employees' pension fund which was considered by this Board in *Hibbard, Spencer, Bartlett & Co.*, 5 B. T. A. 464, and which we held to be a trust and a separate taxable entity.

Whether income from a trust fund is taxable to the beneficiaries, or to the fiduciary, is to be determined by the circumstances and conditions under which the trust was created. Section 2 (b) of the Revenue Act of 1916, provides that:

Income received by estates of deceased persons during the period of administration or settlement of the estate, shall be subject to the normal and additional tax and taxed to their estates, and also such income of estates or any kind of property held in trust, including such income accumulated in trust for the benefit of unborn or unascertained persons, or persons with contingent interests, and income held for future distribution under the terms of the will or trust shall be likewise taxed, the tax in each instance, except when the income is returned for the purpose of the tax by the beneficiary, to be assessed to the executor, administrator, or trustee, as the case may be: *Provided*, That where the income is to be distributed annually or regularly between existing heirs or legatees, or beneficiaries, the rate of tax and method of computing the same shall be based in each case upon the amount of the individual share to be distributed..

Provisions of substantially the same effect are found in the Revenue Acts of 1918 and 1921.

These statutes have been considered and applied by this Board in the cases of *William E. Scripps*, 1 B. T. A. 491; *Mary L. Barton*, 5 B. T. A. 1008; and *Elizabeth S. Sprague*, 8 B. T. A. 173. In these three cases we held that income which was properly accumulated under the trust instrument was taxable to the fiduciary, and that income properly distributable was taxable to the beneficiary. To the same effect is the decision of the Circuit Court of Appeals in

*Willcuts* v. *Ordway*, 19 Fed. (2d) 917.  In the latter case the court held that " distribution " as used in these Revenue Acts,

does not necessarily mean passing into the uncontrolled possession or disposition of the beneficiary.  It means separation and segregation from the trust fund so that it no longer forms any part or parcel thereof.  The test set up by the statute is whether the income passes from the trust estate which produced it and ceases to be subject to the terms and control of that trust.

In the instant proceeding we find that, although the earnings of the Fund were credited at the end of each year to the participants, pro rata, there was a condition attached.  The pro rata shares of earnings did not become the property of the respective beneficiaries until and unless they remained in the service of the company for ten years, and were at the time participants in the Fund. The mere book entries, crediting the earnings of the Fund in varying proportions to the then members, did not constitute a distribution within the meaning of the statutes.  The facts are that the personnel of participating members was constantly changing; that never, at the time the bookkeeping credits were made, was it certain that the amounts credited to the various beneficiaries would or could be drawn by such individual.  Thus, the amounts were not, at the time of making the credits, determined or determinable, nor were the beneficiaries certain.  It is possible that during each of the taxable years some of the beneficiaries had fulfilled the required condition and that the amounts credited to them were fixed and final, but the record is silent upon that point and we must consider it as nonexistent.  We are of opinion that the income in question should be taxed to the Fund.

It is urged that, as the deficiency notice was addressed to the Fund, and not to the trustees, and that as the fiduciaries are the persons properly taxable as to trusts, no notice was given as required by the statute.  We are not impressed by this argument.  The notice evidently reached the trustees, for in response thereto a petition was filed with this Board within the time allowed by statute.  In *Wilkins & Lange*, 9 B. T. A. 1127, the Board held that a deficiency notice which erroneously stated the year involved but did not mislead the taxpayer, was not invalid.  In the present proceeding it is not claimed that anyone has been mislead, nor that any rights have been jeopardized, nor that any different proof would have been required or offered, because of the manner in which the deficiency letter was addressed.  The petitioner's contention as to this point can not be sustained.

*Judgment will be entered for the respondent.*